## ATLANTA CONSOLIDATED ST. RY. CO. *v.* FOSTER.

1. In a suit for damages against a street-railway company for personal injuries sustained by the running of its cars on a public crossing in a city, where the plaintiff's petition alleges that the defendant's car was at the time of the injury running fifteen miles an hour, which "violated an ordinance of the City of Atlanta which requires the speed of such cars over crossings not to exceed six miles per hour," it was not error for the court to admit in evidence ordinances of the city prescribing that the speed of street-cars should not be more than six miles an hour at public crossings, and making a violation of the ordinance a penal offense; the only objection made by counsel to the introduction of the ordinances being that the same were not sufficiently pleaded in the plaintiff's petition.

2. The requests to charge, in so far as they were pertinent and legal, were covered by the principles of law embodied by the court in its general charge to the jury; that charge was fair and thorough, and fully covered the issues involved; there was some evidence to support the verdict, and this court will not interfere with the discretion of the trial judge in refusing to grant a new trial.

Argued May 26, — Decided July 21, 1899.

Action for damages.    Before Judge Reid.    City court of Atlanta.    January 17, 1899.

*Goodwin & Hallman, George Westmoreland,* and *C. P. Goree,* for plaintiff in error.    *Arnold & Arnold,* contra.

Lewis, J.    Mary F. Foster brought her action in the city court of Atlanta, against the Atlanta Consolidated Street Railway Company, for personal injuries alleged to have been received by her by the running of one of defendant's cars.    She alleged that she, a negro boy, and a little girl were seated in a wagon, and as they were traveling along a public street in the City of Atlanta where it crosses another street, a car of the defendant came down the cross-street at this point, striking the wagon, running into it, knocking the plaintiff out, and greatly and permanently injuring her.    The place where the wagon was struck was on the tracks of the defendant at a public crossing.    It was alleged that the company was negligent in running its car at a rate of fifteen miles per hour, which was in violation of an ordinance of the City of Atlanta requiring the speed of such cars over crossings not to exceed six miles per hour.    Negligence is further alleged on the part of the motorman in charge of the car, in failing to ring the bell or give other warning, and in failing to check or keep checking the speed of the car as the crossing was approached, and, although seeing the predicament of the wagon, in failing to stop or make any effort to do so.    The petition then alleged the extent of the plaintiff's injuries, and laid her damages at $10,000.    The jury returned a verdict in favor of the plaintiff for $1,000, and error is assigned by the railway company upon the judgment of the court overruling its motion for a new trial.

1. One of the grounds of the motion for a new trial alleges error in the court in admitting in evidence, over objection of counsel for movant, certain ordinances of the City of Atlanta, providing that the speed of cars on street-railroads should not be greater than six miles per hour at any street-crossing, fixing a punishment for violation of the ordinance, and further providing that warnings of the approach to these crossings should be given by repeatedly ringing a bell or gong.    Counsel for the

plaintiff in error objected to the admission of this evidence at the time it was offered, solely upon the ground that the same was not sufficiently pleaded in the plaintiff's complaint. We think the court was clearly right in overruling this objection and admitting the testimony. One act complained of by the plaintiff in her petition as negligence on the part of the defendant company was a violation of the ordinances of the city, touching the speed of such cars on approaching crossings. In this same connection the petition alleged that the motorman in charge of this particular car was negligent in failing to ring the bell or give other warning of the approach of the car. No demurrer was filed to the allegations of the petition in this particular on the ground of a want of sufficient fullness, nor was any objection made that the ordinances referred to were not set forth in the petition nor copies attached as exhibits thereto. If there was any defect in the petition on this account, it was the subject-matter of a special demurrer, and had it been attacked in this way the plaintiff could have readily met the objection by offering a proper amendment. A failure on the part of the defendant below to make its objection in this way amounted to a waiver of its right to have the ordinances in question more fully described or set forth, and we know of no law which will allow it to assert such a right simply by objecting to testimony which clearly tends to sustain the general allegations of the petition.

2. In the amended motion for a new trial the grounds of error complained of relate to the refusal of the judge to charge to the jury certain specific requests made by the defendant on the trial. These requests go into minute details touching the various theories upon which the defendant relied, under what it claimed to be proved in the case, to show that it was not liable. After carefully comparing the requests made with the entire charge of the court as it appears in the record, we think that the requests, in so far as they were pertinent and legal, were sufficiently covered by the general charge. The charge was unusually full and thorough, and indeed expounded as completely and as exhaustively the law in relation to the defenses insisted upon by counsel for the plaintiff in error as the facts of the case would

authorize. It is unusually lengthy and minute in this par-
ticular. While the trial judge should be clear and thorough
in explaining to the jury the law touching every material is-
sue involved, there is no rule that after this is done he should
tell them what would be the legal effect of every contention of
counsel upon each particular fact as issue should they find such
contentions to be sustained by the evidence. Were this re-
quired, it might often result in making the charge, on account
of its length and the variety of minute issues presented, really
confusing to the minds of the ordinary jury, instead of an aid
to them in arriving at a correct conclusion. No exception is
taken to any portion of the charge as given, and we think it
was sufficiently clear, full, and lengthy to satisfy the reasona-
ble demands of counsel in the case.

The only other errors alleged in the motion for a new trial
are those based upon the general grounds that the verdict was
contrary to law and the evidence. There is quite a volume of
evidence in the record before us, and in it is irreconcilable con-
flict among the witnesses. After a careful review of the entire
brief of the evidence, we can not say that there was no testi-
mony whatever to sustain the plaintiff's action. On the con-
trary, there was testimony introduced in her behalf from which
the jury might have inferred negligence on the part of the de-
fendant company in failing to approach the crossing in such a
manner as reasonable diligence would have required, and in
such a way as the law of the city itself prescribed; and that
this resulted in the injuries sustained by the plaintiff. It is
true that there was much evidence tending to overcome this
theory of the case. But it matters not how many are the wit-
nesses on one side or the other, the jury is at last the sole ar-
biter in passing upon their credibility and the weight that
should be given the testimony of each. They having found
for the plaintiff, and the trial judge, who likewise heard all
the testimony in the case, having approved their finding, this
court, following its uniform rule in such matters, will not con-
trol the discretion of the latter in overruling the motion for a
new trial.    *Judgment affirmed.    All the Justices concurring.*